# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD JAMES RANDLE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-0769 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Randle's application for writ of habeas corpus pursuant to U.S.C. 2254 has been referred to this magistrate judge for a report and recommendation. The court recommends that respondent's motion be granted and Randle's application be denied as time-barred.

## BACKGROUND

On February 19, 1993, Randle pled guilty to delivery of a controlled substance and was sentenced to twenty-five years' incarceration. Randle was convicted on March 26, 1993 on the charge of robbery. He was sentenced to thirty-five years in prison by a Texas state court to run concurrently with his prior sentence. On July 7, 1994, Randle pled guilty to robbery and was sentenced to twenty-five years, which was also to run concurrently with his prior sentences. Randle is not contesting the validity of any of those convictions, therefore a procedural history of his appeals and writ applications is not necessary.

Randle was granted parole on October 25, 2004. He was subsequently arrested on

December 14, 2004 on charges of unauthorized use of a motor vehicle and evading arrest. On March 11, 2005, he pled guilty and was sentenced to 14 months in prison on the December 2004 charges. The December 2004 charges also triggered proceedings to revoke Randle's parole.

On March 13, 2005, parole officer Samuel Seahorn visited Randle in prison. Seahorn presented Randle with a notice of his rights in the revocation process. On that date, Randle signed a waiver of his right to a revocation hearing. Randle also signed an acknowledgment stating he understood that a parole officer has no authorization to make him any promises about what will happen if the revocation hearing is waived, or what punishment he will ultimately receive. At the bottom of the waiver is the following handwritten notation, also signed by Randle and Seahorn:  "You are instructed to report to Athens Parole Office after you have been release [sic] from state jail, within 24 hours."

Randle's parole was revoked on March 23, 2005. Randle alleges that he first discovered that his parole had been revoked when he was not released from custody on February 9, 2006 as he expected.

On or about December 19, 2006, Randle filed his first application for a state writ of habeas corpus challenging his parole revocation. Randle filed a second application for a state writ of habeas corpus on January 4, 2007. Those applications were denied without written order on February 14, 2007. Randle filed a third application challenging his parole revocation on or about January 12, 2007. That application was dismissed on March 21, 2007.

2

Randle filed this federal application for writ of habeas corpus on February 28, 2007.[1]

Randle alleges that his constitutional rights have been violated because he waived his parole revocation hearing in reliance on Seahorn's broken promise that Randle would be released on February 9, 2006 after serving his fourteen month sentence on the December 2004 charges.

## ANALYSIS

Section 2244 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus  by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)     the date on which the judgment because final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1]     *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (per curiam) (for purpose of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

28 U.S.C. § 2244(d)

Randle's claim is governed by § 2244(d)(1)(D).  Thus, respondent contends that Randle's one-year statute of limitations period began on March 23, 2005, when his parole was revoked, and expired one year later on March 23, 2006.  Randle contends that he did not become aware of the factual predicate for his claim until February 9, 2006, when his fourteen month state jail sentence expired and he was not released from custody.

Even if Randle did not have actual knowledge of his parole revocation until February 9, 2006, the statute of limitations begins to run when the factual predicate for his claim "*could have been* discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D) (emphasis added).  Randle had notice as of March 13, 2005 when he signed the hearing waiver that parole revocation proceedings had been initiated against him.  There is no allegation or evidence that anyone prevented Randle from inquiring about the status of his parole revocation proceeding or gave him false information about the result of that proceeding.  Randle easily could have discovered on March 23, 2005, or at least well before his statute of limitations expired one year later, the factual predicate for his claim, *i.e.*, that Seahorn misrepresented to him on March 13, 2005 that he would be released in February, 2006.

Randle does not present any grounds for equitable or statutory tolling of his statue of limitations.  Equitable tolling is available only in "rare and exceptional circumstances." *Salinas v. Dretke*, 354 F.3d 425, 431 (5th Cir. 2004).  Such circumstances exist "only in

4

situations where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights.  *Id.* at 432.  Randle cannot show that he was actively misled by the respondent in a way that prevented him from asserting his rights.  He was expressly informed that he was not to rely on any promises from his parole officer as to the outcome of his revocation proceeding.[2]   No extraordinary circumstances support equitable tolling in this case.[3]

Section 2244(d)(2) statutorily tolls the limitation period during the pendency of state

---

[2]     Respondent's motion, Ex. C, at 5.  Randle has filed a motion (Dkt. 8) to subpoena Harris County Jail and Lyncher State Jail medical records in order to prove that his diabetes affected his eyesight to the point that he could not see what he was signing on March 13, 2005.  This allegation is not part of Randle's federal petition.  Randle's federal petition is based on the allegation that he waived his right to a revocation hearing because of promises made by Seahorn.  Moreover, Randle has not presented any evidence that absent waiver of a hearing, the result of his parole revocation proceeding would have been any different.  Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."  Rule 6(a); *Martinez v. Johnson*, 104 F.3d 769, 773 (5th Cir. 1997).  A party seeking discovery under Rule 6(a) must make specific factual allegations that establish good cause for permitting the requested discovery.  *Harris v. Johnson*, 81 F.3d 535, 540 (5th Cir.1996).  Randle has failed to satisfy this requirement, and his motion to subpoena records (Dkt. 8) is denied.

[3]     Randle has filed a motion for preliminary injunction (Dkt. 9) complaining that his library sessions coincide with prisoner "count time," during which bathroom visits are not allowed.  Randle asserts that this in effect limits his library time because he has diabetes and has to urinate often.  He seeks an injunction forcing respondent to allow him access to a bathroom while using the law library, or to schedule him for library time during periods when there is no "count time."  The court notes that the alleged limited access to the law library has not prevented Randle from filing numerous motions and lengthy responses to respondent's motion to dismiss.  In any event, Randle's injunction request is for purposes of pursuing this litigation, and does not include any allegation that his current difficulty in using the law library at the Michael Unit has anything to do with his inability to timely file his petition.  Randle's motion for injunction (Dkt. 9) is denied.

habeas proceedings. *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998).  All three of Randle's state-writ applications were filed months after his statute of limitations expired on March 23, 2006 and thus did not toll his statute of limitations.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Randle's motion for an evidentiary hearing (Dkt. 12) is denied.  The Supreme Court recently explained the standards governing evidentiary hearings in habeas cases governed by the AEDPA:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *See, e.g., Mayes v. Gibson,* 210 F.3d 1284, 1287 (C.A.10 2000).  Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. *See id.,* at 1287-1288 ("Whether [an applicant's] allegations, if proven, would entitle him to habeas relief is a question governed by [AEDPA]").

*Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007).  No evidentiary hearing is required in this case.  The record presents no factual disputes which, if resolved in petitioner's favor, would entitle him to relief.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the court recommends that respondent's motion (Dkt. 13) be granted.  For the same reasons, the court recommends that petitioner's motion for summary judgment (Dkt. 18) and "motion to deny respondent's motion" (Dkt. 20) be denied. The court recommends that petitioner's application be denied with prejudice as time-barred.

It is ordered that Randle's non-dispositive collateral motions (Dkts. 8, 9, 12) are denied.

The parties have ten days from service of this Memorandum and Recommendation to file written objections.  Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.  *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on August 22, 2007.


Stephen Wm Smith
United States Magistrate Judge